PATRICK MATHIS vs. EARLE & SCOTT.   J. W. WILLIS, WARRANTOR.

FARMER, J.   Where several witnesses testify as to the value
of property in dispute, and the average of the values fixed is less
than $1,000, the Court will not dismiss for want of jurisdiction.
2.   An appeal will not be dismissed because it is alleged that
the surety on appeal bond is insolvent.   Such question must be
tested in the lower court.
3.   Bills of exception signed by the Judge in chambers after
appeal bond has been filed, will be disregarded by the Circuit
Court.
4.   A motion by plaintiff to strike out a part of defendant's

answer, is a form of replication, and was properly disallowed by the Court *a qua.*

5.  The fact that the sheriff appoints defendant's enemy as one of the appraisers in making a sheriff's sale, is not proof of fraud on part of the sheriff.

6.  Where a sheriff gives defendant notice of seizure and notice to appear and appoint an appraiser in one paper, the notice is legal, and if defendant enjoins the sale, and after the injunction is dissolved a new sale is advertised, defendant will not be entitled to a second notice to appoint an appraiser.  The advertisement is sufficient notice to him.

7.  Where an injunction is dissolved by consent or agreement that defendant shall give a twelve months' bond for the debt, and at the cash offering the property is bid in by a third person, the compromise will not invalidate the sale.  Neither plaintiff, nor the sheriff, could prevent third parties from bidding at cash sale.

8.  In calculating the seventy days within which a *fi. fa.* must be returned, the number of days beween its issuance and the issuance of the injunction must be counted, and its delay again commences to run as soon as the injunction is dissolved; but if the *fi. fa.* is not returned in seventy days, defendant cannot complain, as the law relating to the return of writs was passed for the protection of creditors.   30 An. 1129.

9.  Unless otherwise specially directed by the debtor, the sheriff should always offer separate pieces, or lots of property, for sale separately.   15 An. 697.

10.  The sheriff is not required to make separate deeds to different purchasers at sheriff's sale.   One deed suffices.

11.  Under C. P. 694, the sheriff must sell and deliver the entire ownership in the property sold, not merely defendant's interest.

12.  After the sheriff has taken possession of property, and defendant has acknowledged the seizure, the fact that defendant or his tenant subsequently takes the possession and uses the property without the consent of the sheriff, will not release the legal possession of the sheriff.

13.  Where it is shown that the property sold at sheriff's sale was appraised at less than one-half its admitted value, and where one of the *appraisers*, who had offered to buy the property at private sale for $750. joins in an appraisement of $250, and buys the property for $225, the sale will be declared fraudulent, and annulled.

14.  In such a case the tender of the price paid is not a condition precedent to the institution of the suit to annul, but defendant will be condemned to pay the price paid by the vendee and used for his benefit, before recovering the property.